Pexsixgton, J. — I
am inclined to think, that under our statute, a conveyance made by a feme covert, separate from her husband, of her own real estate, acknowledged before a judge, according to the act, [*] will have the effect of levying a fine. If a feme covert levies a fine, it binds her and her heirs. 10 Coke fS. If a woman covert levy fine alone, as if she were sole, this shall bind her, for this reason, that she shall not be received to say that she was covert. Hob. 225. But in both these books it is expressly laid down, that this act will not affect the husband. On the marriage, an estate for the joint lives of the husband and wife at least, vests in the husband, and no act of the wife alone, separate from her husband, can divest it. The question then is, does the agreement before marriage alter the case? Notwithstanding this agreement, I apprehend, the title vested in the husband; the mortgage and agreement, made at different times, under different circumstances, and between different parties, cannot be construed as one instrument. How far a court of equity, on a proper bill filed, would compel the defendant to join his wife in a mortgage, or other conveyance, may perhaps be collected from the observations of Lord Harwicke, in case of Peacock v. Monk, 2 Ves. 192.
But that is not the question; we are at common law, acting on a legal title; a title that, on the marriage, became vested in the husband. The authority of the wife to deprive him of it, rests in agreement; and although the defendant may be guilty of an act of bad faith, in holding possession *542 of the land against his agreement, yet the title is in him, and he must have judgment.
Van Arsdale, for plaintiff.
Halsey, for defendant.
Judgment for defendants.